

Original



RECEIVED

JAN 2 9 2010

Jan 29, 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LESTER WILLIAMS, R-45439

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

VS.

LT. SHAW

JOHN DOE # 1

JOHN DOE # 2

LT. GOINES

WARDEN Wyker

RODGER E. WALKER, JR.
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

10 C 0641
Judge Elaine E. Bucklol
Magistrate Judge Maria Valdez

rt)

JURY TRIAL DEMANDED

**CHECK ONE ONLY:**

XXX     COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

\_\_\_\_\_     COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

XXX     OTHER (cite statute, if known) SUPPLEMENTAL JURISDICTION under 42
U.S.C. § 1331(a) and 1343.

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A.    Name: <u>LESTER WILLIAMS</u>

    B.    List all aliases: <u>ALLAN WILLIAMS</u>

    C.    Prisoner identification number: <u>R-45439</u>

    D.    Place of present confinement: <u>Dixon Correctional Center</u>

    E.    Address: <u>2600 N. Brinton Avenue, Dixon, Illinois, 61021</u>

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: <u>Lt. Shaw  (first name unknown)</u>

           Title: <u>a correctional officer lieutenant</u>

           Place of Employment: <u>Lawrence Correctional Center, R.R. #Box</u> 36
                        <u>Sumner, Il, 62466</u>

    B.    Defendant: <u>John Doe # 1   (name unknown)</u>

           Title: <u>Correctional Officer for R-4 House, C-wing --5-day officer.</u>

           Place of Employment: <u>Lawrence Correctional Center, R.R.#Box 36,</u>
                        <u>Sumner, Il 62466</u>

    C.    Defendant: <u>John Doe # 2   (name unknown)</u>

           Title: <u>Correctional Officer, for R-4, B-Wing (floater officer)</u>

           Place of Employment: <u>Lawrence Correctional Center, R.R. #2,</u> Box 36
                        Sumner, Il 62466

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

## II.  Defendant(s)

D.  Defendant:  Warden of Lawrence Corr., Ctr.(Warden Wyker).

Title:  The Warden of Lawrence Correctional Center

Place of Employment:  Lawrence Correctional Center
R.R. #2, Box 36, Sumner, Il 62466


E.  Defendant:  Rodger E. Walker, Jr.

Title:  Director of the Illinois Department of Correction

Place of Employment:  1301 Cordia Court, Springfield, Il
62794

2_A

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A.    Name of case and docket number: ___None___

    B.    Approximate date of filing lawsuit: ___N/A___

    C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: ___
        N/A
        N/A
        N/A

    D.    List all defendants: ___N/A___

    E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ___None ever filed___

    F.    Name of judge to whom case was assigned: ___N/A___

    G.    Basic claim made: ___Never filed any other lawsuit___

    H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___N/A___

    I.    Approximate date of disposition: ___N/A___

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)  **Preliminary Statement**

This is a civil rights action filed by Lester Williams, #R-45439,

a state prisoner, for damages and injunctive relief under 42 U.S.C.

§ 1983, alleging **excessive use of force in violation of the Eighth**

**Amendment to the United States Constitution and confinement in seg-**

**regation in violation of the Due Process Clause of the Fourteenth**

**Amendment to the U.S. Constitution.**  The Plaintiff also alleges the

torts of assault and battery and negligence.


  **1.**  All the defendatnts have acted, and continue to act, under

color of state law at all times relevant to this complaint.

    **Facts**

  **2.**  On or about, June 6, 2009, the plaintiff was removed from

general population at Lawrence Correctional Center and placed in

administrative segregation without explanation.in Pontiac Correct-

ional Center.

  **3.**  On or about June 6, 2009, while incarcerated at Lawrence

Corr. Ctr, Plaintiff was housed in R-4, B-Wing, Lower 12.

  **4.**  On or about June 6, 2009, on the morning shift, 7:00am

4

to 3:00 pm, plaintiff was let out of his cell to make a phone call.

5.  Plaintiff, and all other inmates was allowed 30 minutes to make telephone calls, once they are let out to use the phones.

6.  Plaintiff did go to the telephone to try and make his call, but wasn't able to get through to his party.

7.  After plaintiff couldn't get through to his party, he walked back to his cell to get his phone book to try and call another party, but when plaintiff arrived at his cell, he found that his cellmate was using the toilet, and had a using the washroom sign sticking through the crack of the door.

8.  Plaintiff seen the using the washroom sign and returned to the telephone area, but before reaching the phone, the housing unit control officer stated to plaintiff over the intercom  (P.A. System), "where are you going?"

9.  Plaintiff responded to the control officer that he was going to use the phone because he didn't get through to his party, and the control officer said to him, "you are not getting back on the phone, so, go lock up!"

10. The Defendant, John Doe #12, at this same time as the control officer was saying go lock up, came on plaintiff's wing, and told him that "I don't know what's going on between you and the control officer, but he want you to go lock up.

11. Plaintiff responded to Defendant, John Doe #12, that "You know its been less than two minutes since you let me out to use the phone."  Defendant, John Doe #2, responded saying "I am not the five-day officer and I don't know going on, so, go lock up."

12. Plaintiff then asked Defendant, John Doe #2, "can I

4-A

speak to a Lieutenant?" Defendant, John Doe # 2, responded "its a Lieutenant in the building, I'll see if he want to speak to you or not, as plaintiff and Defendant, B-wing officer was walking back towards plaintiff's cell.

13. Defendant Lieutenant (LT.) Shaw and Defendants, Jon Doe #1, 5-day officer, came onto plaintiff's wing (B-wing), while the plaintiff and Defendant, John Doe # 2, was enroute to plaintiff's cell when plaintiff ask, can I speak to Defendant, Lt. Shaw, in which Defendant B-wing officer said go ahead.

14. Plaintiff stopped around cell 10 to speak with Defendant, Lt. Shaw, who then ask plaintiff, "What's the problem?"

15. Plaintiff explained to Defendant, Lt. Shaw that he had tried to use the phone, but couldn't get through, and decided to go back to his cell to get his phone book to try another number when he found out that his cell was using the washroom (toilet), so, he then started walking back to use the telephone, when the control officer stated over the P.A. system, and told plaintiff to go lock up. Defendant Lt. Shaw then asked Defendant, John Doe # 2, "what do you want him (meaning plaintiff) to do?"

16. Defendant, B-wing officer stated "I want him to go and lock up." and began walking toward plaintiff's cell.

17. Defendant, Lt. Shaw told plaintiff, "WHAT ARE YOU WAIT_ ING ON, GO LOCK UP."

18. Plaintiff began walking toward his cell, but stated in the presence of two B-wing porters (inmates), his next door neigh- bor from cell 11, and Defendants, Lt. Shaw, B and C wing officers, "THIS IS SOME PUSSY-ASS SHIT!"

4-B

19. Defendant, Lt. Shaw then asked plaintiff "WHAT DID YOU CALL ME?"

20. Plaintiff responded to Defendant, Lt. Shaw saying " I didn't call you nothing, THIS WHOLE JOINT BE ON SOME PUSSY-ASS SHIT."

21. Defendant, Lt. Shaw then replied, "ALRIGHT, GO PACK YOUR SHIT, YOU ARE GOING TO SEG!"

22. Plaintiff then walked into his cell as Defendants, Lt. Shaw and both, B and C wing officers were at plaintiff's cell door.

23. Defendant, Lt. Shaw from outside of plaintiff's cell door stated to plaintiff Cellmate, J. Williams, (no relations), "step out",

24. Plaintiff who was now in his cell alone, began to pull his property box from under his bed to began packing his property as ordered.

**Misues of Force**
**Count I**

25. Paragraphs 1 through 24 are incorporated by reference.

26. Plaintiff's property box was the farest to the back of his cell, as opposed to his cellmate, J. Williams.

27. Plaintiff bend down to pull his property box from under his bed and the Defendant Lieutenant. Shaw rushed in grabbing into plaintiff cell, without warning, grabbing him by his neck, chocking him with his left hand while pushing plaintiff back against the back wall and window of the cell.

28. After plaintiff was pushed, Defendant, Lt. Shaw with his right hand grabbed plaintiff's left wrist pinning plaintiff against the back wall.

29. While plaintiff was pinned against the back wall of his cell by Defendant Lt. Shaw, Defendant, John Doe # 1, instantly came into the cell behind Lt. Shaw and grabbed plaintiff's right hand with his left hand, as Lt. Shaw threw the first blow to plaintiff's mouth busting his top lip.

30. Both, Defendants, Lt. Shaw and John Doe # 1,, then to punch plaintiff in his face and head as C-wing landed two punches to plaintiff's stomach, as plaintiff was trying to break lose from the continued attack, while Defendant, John Doe # 2 and inmate J. Williams (cellmate), looked on from outside of the cell door.

31. Plaintiff eventually broke lose and began out of his cell as Defendant, Lt. Shaw continued to deliver punches to the back of his head, until plaintiff had ran out of his cell with Lt. Shaw still chaseing him.

32. Plaintiff ran out of his cell toward the housing unit front door, where at this time, Defendant, Lt. Goines had come on his wing.

33. Plaintiff ran directly toward Defendant Lt. Goines yelling "THEY ARE JUMPING ON ME!" and without warning Lt. Goines began to spray mace into plaintiff's face, as plaintiff began to get down on his knees.

34. Defendant, Lt. Shaw came from behind, plaintiff pushing him in his back onto the floor, putting his knee in plaintiff's back while John Doe #1 came up and kicked plaintiff feet togather and stood of his ankles.

35. By this time several other Correctional Officers, which included a white lady major, who help Defendant Lt. Goines hand-

4-D

cuff plaintiff and took plaintiff directly to the Health-Care Unit Hospital (HCU).

36. Defendant B-Wing officer, (John Doe #2), nor Defendant, Lt. Goines intervine to prevent these blows, pushing, or kicks by Defendants, Lt. Shaw and C-wing officer (John Doe #1).

37. Plaintiff received scratches on his neck and bruses on his face, scratches on his neck, bruses on the left side of his temple of his head and bruses on his left upper arm which were all extremely painful, from the punches and mace.

38. During these events Defendant, B-wing officer (John Doe #2), remained outside the plaintiff's cell and did not intervene.

39. During these events the plaintiff did not resist or threaten the officers in any fashion or break any prison rules.

40. Plaintiff states that Count I, is an excessive-force claim under the Eighth Amendment that Defendants used force not in a good-faith effort to maintain or restore discipline, "but maliciously and sadistically to cause harm", while other defendants, John Doe #2, nor Lt. Goines did not intervine to stop the attack or was an attacker.

### Denial of Due Process for confinement in segregation
### Count II

41. Paragraphs 1-30 are incorporated by reference

42. Plaintiff was seen by a white lady nurse, who only wiped off his face with a damp towel, where plaintiff was then taken to Internal Affairs Office (I/A) questioned about the attack and (I/A) Lt. Hodges took pictures of plaintiff's back, face, left arm, scratches on his neck, and his inner top lip.

43. Plaintiff was then placed in punitive segregation. (seg),

4 E

holding for about 15 to 20 minutes.

44. Two correctional officer's arrived to escort me into a waiting van, to take plaintiff from seg to Pontiac Correctional Center's Seg. (X-House).

45. Plaintiff was left in Pontiac Seg. for 12-14days before being able to use the shower.

46. Plaintiff was issued a ticket while in Pontiac Correctional Center (Pontiac), for investigative status pursuant to § 504. with no other information.

47. Within two weeks of the incident, and while at Pontiac, plaintiff filed three administrative grievances, but did not hear from anyone until August 19, 2009.

48. On or about August 19, a white male of Internal Affairs from Springfield visited plaintiff.asking questions of the incident and whether plaintiff had witnesses to the attack.

49. Plaintiff was shown photos of correctional officers or staff from Lawrence Correctional Center, including the nurse who wiped plaintiff's face, Defendants, Lt. Shaw, John Doe #1, C-wing officer, John Doe #2, B-wing officer, and Lt. Goines, who plaintiff pointed out from a computer and told I/A that these are the ones' who jumped on plaintiff.

50. I/A from springfield, ask plaintiff if he was willing to take a polygraph test. Plaintiff said yes and signed the paper to this affect, but the polygraph was never given to plaintiff.

51. Plaintiff stayed in seg for about 3 1/2 month until his mandatory release date, with going to the adjustment committee or hearing from his grievance again through anyone.

4 F

52. Plaintiff was not seen by a doctor on the day of the attack at Lawrence.

53. Plaintiff was seen by a nurse two day after he arrived at Pontiac, and was seen by a doctor within about two week.

54. The Pontiac Doctor proscribed pain pill for plaintiff for continued pain in his writs from where plaintiff's wrist was twisted by Defendant. Lt. Shaw when he first attacked him.

55. Plaintiff suffered from a pre-existing injury, which was a broken wrist, which plaintiff had broken about 4-weeks prior to the attack, which was in a cast.

56. Plaintiff had had surgery on his broken wrist about 2 1/2 weeks before the attack. The surgery to his wrist was performed at an outside hospital, in By Doctor Subenski, at Champaign-Urbana, Illinoin Hospital.

57. Plaintiff's surgery to his left wrist consisted of him receiving 6 pins and two plates in his wrist.

**Defendants failed to provide adequate adequate, training, Supervision and/or discipline**

**Count III**

58. plaintiff repeats and realleges paragraph 1 through 56.

59. Defendants, Warden Wyker and/or Director, Rodger E. Walker, Jr., failed to train, supervise and/or discipline Correctional Officers, including Defendants, Lt. Shaw, John Doe #1, John Doe #2 and Lt. Goines so as to prevent the maliciously and sadistically assault to cause plaintiff harm, including unwanted physical pain and sufering, that was not prevoked.

60. Defendants failure to train, supervise and/or discipline

4 G

amounts to deliberate indifference to the rights of inmates, including plaintiff whom the Defendants, Lt. Shaw, John Doe # 1 (C-wing officer), John Doe # 2, (B-wing officer), and Lt. Goines comes into contact, including plaintiff. It is this failure that has created and encouraged the use of excessive force without provication and not in a good-faith effort maintain or restore discipline, but to causemaliciously and sadistically to cause harm to inmates, including plaintiff, who suffered pain and suffering.

61. The deficiency in the training, supervision, and discipling of defendants correctional officers, including, Lt. Shaw, John Doe #1, John Doe # 2, and Lt.Goines, was an actual cause of the constitutional deprevations of plaintiff's Eighth Amendment rights and the assault and/or injuries suffered by plaintiff.

62. The deficiency in training, supervising, and disciplining of said defendants as correctional officers represent a deliberate indifference on the part of the defendants', Warden Wyker and Mr. Rodger E. Walker, Jr, as Director of IDOC to the rights of all inmates, including plaintiff.

63. As a direct result of defendants' negligence, plaintiff was subjected to the attack, which involved being choked, pushed against the back wall of his cell, while his already broken wrist in a cast, was being twisted, scratches on neck, punched in face head, stomach and a busted top lip, confinement in segregation and deprivation of his liberty, freedom and personal property while in seg. for about 3 1/2 months.

4 H

State Law claim of Torts of
Assault and Battery and/or Negligence

64. Plaintiff repeats and realleges paragraph 1 through 63,
which is hereby incorporated herein by reference.

65. Defendants, Warden Wyker and Rodger E. Walker, Jr. Direc-
tor of IDOC, owed Plaintiff of reasonable care. Defendant owed
Plaintiff a duty of reasonable care to protect him from assault of
its employees, officers and/or staff, and to adequately train,
supervise, and discipline it employees, officers and/or staff.

66. Defendant breached that duty by. The Defendants, Warden
Wyker and Director Walker breached that duty by failing to adequat-
ely train, supervise, and/or discipline it employees, officers,
and/or staff and this failure has either created or encouraged the
assault on plaintiff by said defendants, Lt. Shaw, John Doe #1,
John Doe #2, and Lt. Goines.

67. The deficiency in the training, supervision, and discip-
line of defendants, employees, correctional officers, and/or staff
, was an actual cause of the negligence that led to the assault,
injuries and unnecessary and unwanton pain and suffering, and
confinement in seg.

68. The Deficiency in training, supervision and disciplining
of said defendants represents negligence on the part of the Warden
and Director to the rights of all inmates, including plaintiff.

69. The breach of duty caused those damages plaintiff has
claimed, or as a direct result of defendants' negligence, plaintiff
was subjected to punched repeadely in his face, head, arm, stomach,
scratched -neck, busted top inner lip, bruses, and confinement in

4 I

seg for about 3 1/2 months, deprived plaintiff of his liberty, freedom as an inmate not in seg., and deprived him of his personal property while in segregation.

70.  The actions of Defendants, Lt. Shaw, John Doe #1, John Doe # 2, and Lt. Goines in using physical force against Plaintiff without need or provocation constituted the tort of assault and Battery under the law of Illinois.

71.  The actions of Defendants, Lt. Sahw, John Doe #1, John Doe #2, and Lt. Goines in using physical force against the plaintiff without the need or provocation, or in failing to intervine to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

72.  This is a civil rights action under 42 U.S.C 1983 seeking damages in an excess of $75,000

73.  Defendants, Lt. Shaw, John Doe 31, John Doe #2, and Lt. Goines is being sued in their individual capacity

74. Warden Wykes and Director, Rodger E. Walker, Jr., is being sued in their individual and official capacity

75.  Plaintiff has fully exhausted his administrative grievances.

76..  Plaintiff has demanded a jury trial.

5

**V.    Relief:**

**A.**    Issue a declaratory judgment stating that: (1) The failure to intervine to prevent or stop the misuse of force (assault and battery), and/or the physical abuse of the plaintiff by Defendants, Lt. Shaw, John Doe #1, John Doe #2, and Lt. Goines violated Plain-tiff's 8th Amend., to the U.S Constitution and constituted cruel and Unusual punishment and assault and battery under state law. (2) That Defendants, Warden Wyker and Director Walker, failted to take action to adequately train, supervise, and/or discipline officers, including defendants to prevent or curb the physical abuse of all prisoners, including plaintiff in violation of due process of the U.S. Constitution, 14th Amendment. **B.**    Award compensatory damages for the assault and battery, pain and suffering, confinement in segragation against all defendants,joint and severally in the amount of $500.000.  **C.** $500.000 punative damages against all the defendants jointly and severally.  **D.**   Interest, Cost, research, copying and mailing fees, attorney fees, and any further relief to which plaintiff may be entitled.

VI.     The plaintiff demands that the case be tried by a jury.  ☒ YES     ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20_____

_____

_____
(Signature of plaintiff or plaintiffs)

_____
(Print name)

R-45439_____
(I.D. Number)

_____
2600 N. Brinton  Avenue_____

Dixon, Il 61021_____
(Address)            pro se, Plaintiff

6

Revised 9/2007